IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON A. KRUMBACK,<br><br>                Petitioner,<br><br>vs.<br><br>TERESA BITTINGER, Warden of South Dakota State Penitentiary; and MARTY JACKLEY, Attorney General of South Dakota;<br><br>                Respondents. | 4:24CV3122<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on Petitioner Jason A. Krumback's ("Petitioner") Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 and filed on July 8, 2024. Filing No. 1. Petitioner filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, and, after considering Petitioner's financial status as shown in the records of this Court (*see* inmate trust account statement at Filing No. 6), leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1). The Court now conducts a preliminary review of the Petition in accordance with Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. In conducting this review, the Court will also address the other motions filed by Petitioner—a Motion for Stay, Filing No. 8, two motions seeking copies of court documents, Filing No. 9; Filing No. 11, a Motion for Evidentiary Hearing, Filing No. 19, two Motions for Leave to Amend the Petition, Filing No. 23; Filing No. 27, a Motion to Withdraw certain documents, Filing No. 24, and a Motion for Consideration, Filing No. 29. Upon preliminary review, the Court will dismiss Petitioner's habeas petition for lack of jurisdiction.

## I.  PRELIMINARY REVIEW OF PETITION[1]

### A.  Background

Petitioner is an inmate currently confined in the South Dakota State Penitentiary serving a sentence pursuant to his plea-based conviction in South Dakota state court for witness tampering.  Filing No. 1 at 1–2.  Liberally construed, Petitioner alleges violations of his rights under the Fourth, Sixth, and Fourteenth Amendments due to ineffective assistance of counsel, malicious prosecution, prosecutorial misconduct, and judicial abuse of discretion.  *Id*. at 3, 11, 17, 26, 31, 38, 48.

As Petitioner indicates in materials filed with the Court, he filed a federal habeas action in the United States District Court for the District of South Dakota (the "South Dakota District Court") challenging the same judgment of conviction challenged here, and that court dismissed his habeas petition without prejudice on May 24, 2024, for failure to exhaust his state court remedies.  Filing No. 5 at 5–20.  *See also Krumback v. Fluke, et al.*, No. 4:23-cv-04155-KES (D.S.D.).  At the time he filed the present petition, Petitioner's appeal of the South Dakota District Court's dismissal was pending in the Eighth Circuit.  *See Id.* at 1.  Petitioner, however, indicated his desire to have this Court consider his habeas claims due to the South Dakota District Court's failure to consider his claims' merits and because he is a Nebraska native, and he further indicated that he sought a change of venue from the Eighth Circuit.  *Id*.  A review of the Eighth Circuit Court of Appeals' records in *Krumback v. Bittinger*, No. 24-2254, shows that the Eighth Circuit denied Petitioner's application for a certificate of appealability, denied all his pending motions, and dismissed his appeal on October 4, 2024, and the mandate

---

[1] For purposes of this review, the Court considers the supplemental materials filed by Petitioner, Filing No. 5; Filing No. 10; Filing No. 12; Filing No. 15; Filing No. 16; Filing No. 17, as part of the petition.

2

issued on November 27, 2024.[2]  See Krumback v. Bittinger, No. 24-2254, 2024 WL 4719163 (8th Cir. Oct. 4, 2024).

Petitioner previously filed correspondence in this Court, which the Court construed as a Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254, and docketed in Case No. 4:24CV3100. Filing No. 1, Case No. 4:24CV3100. On June 18, 2024, the Court entered a Memorandum and Order and Judgment dismissing the petition without prejudice for lack of jurisdiction. Krumback v. Reyes, No. 4:24CV3100, 2024 WL 3327883 (D. Neb. June 18, 2024) (Filing Nos. 3 & 4). The Court takes judicial notice of the records in that related case.[3]

## B. Discussion

As the Court previously explained in Case No. 4:24CV3100, this Court lacks jurisdiction to entertain Petitioner's habeas petition and grant him habeas relief. The Supreme Court has held that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Here, Petitioner is plainly challenging his confinement in South Dakota pursuant to a conviction in South Dakota state court. Therefore, this Court does not have jurisdiction to entertain Petitioner's habeas petition, and neither Petitioner's dissatisfaction with the South Dakota District Court's resolution of his previous habeas

---

[2] The Court takes judicial notice of the Eighth Circuit Court of Appeals' records in *Krumback v. Bittinger*, No. 24-2254, as well as the records in *Krumback v. Fluke, et al.*, No. 4:23-cv-04155-KES (D.S.D.). Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996) (court can sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue).

[3] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

petition nor his claims of actual innocence provide any basis for this Court to exercise jurisdiction over his habeas claims.

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought. The Court finds that transfer is not appropriate here as Petitioner's appeal of his previous habeas petition filed in the South Dakota District Court was pending at the time he submitted his petition to this Court, his South Dakota federal habeas appeal has now concluded, and Petitioner does not indicate that he has sought to exhaust any available state court remedies before filing the present petition, which was the basis for the South Dakota District Court's dismissal.

## II. OTHER PENDING MOTIONS

### A. Motion for Stay, Filing No. 8

On August 1, 2024, Petitioner filed a Motion for Stay asking the Court "to stay its hand in the anticipation of the outright answers from the 8th Circuit Court of Appeals (see Krumback v. Bittinger, 24-2254)." Filing No. 8 at 1. As indicated above, Petitioner's appeal is no longer pending in the Eighth Circuit Court of Appeals. Because the appeal has concluded and this Court lacks jurisdiction to consider Petitioner's habeas claims, a stay is not necessary and Petitioner's motion will be denied as moot.

### B. Motions for Copies, Filing No. 9 and Filing No. 11

On August 1, 2024, Petitioner filed correspondence, which the Court construes as a motion for copies. Filing No. 9. Petitioner inquires whether "an admission of evidence" he submitted in Case No. 4:24CV3100 is also a part of the records in the

present case, 4:24CV3122, and, if not, Petitioner asks that the records be returned to him so he may properly file them. *Id*. The only "evidence" submitted in Case No. 4:24CV3100 are the records attached to Petitioner's initial filing in that case, consisting of a docket sheet for his South Dakota District Court habeas case, 4:23-cv-04155-KES, and a copy of a state court transcript. *See* Filing No. 1 at 8–47, Case No. 4:24CV3100. In reviewing Petitioner's present petition, the Court considered the records in Case No. 4:24CV3100. Accordingly, Petitioner's motion for copies, Filing No. 9, is denied as moot.

Petitioner also filed a document which he captioned "Injunction," which the Court docketed as a motion. Filing No. 11. Petitioner does not ask for any particular action to be enjoined, but rather he asks to "be allowed to receive copies from the Court record namely Docket sheets, evidence[,] and any other document that may be requested under 28 U.S.C. Section 2250." *Id*. at 1. Liberally construed, the Court construes Petitioner's motion as a request for a free copy of the docket sheet as he previously asked the Clerk of the Court for a copy of the docket sheet in this matter and was informed that the Clerk must receive payment before providing copies. *See* Filing No. 7. Pursuant to 28 U.S.C. § 2250,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Petitioner is proceeding in forma pauperis here, and upon consideration, the Court concludes Petitioner has demonstrated a need for a copy of the docket sheet given his limited financial resources to pay for his own copies. *See* Filing No. 6; *Cassidy v. United*

5

States, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), aff'd, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."). Accordingly, the Court will grant Petitioner's motion and direct the Clerk to provide Petitioner with a copy of the docket sheet in this case.

**C. Motions for Leave to Amend, Filing No. 23 and Filing No. 27**

On November 7, 2024, and December 6, 2024, Petitioner filed motions seeking leave to amend his petition to (1) substitute a different respondent for respondent Teresa Bittinger and (2) amend his malicious prosecution ground for relief. Filing No. 23; Filing No. 27. As the Court has concluded it lacks jurisdiction to consider Petitioner's habeas petition in the first place, Petitioner's motions for leave to amend his petition are denied as moot.

**D. Motion to Withdraw Documents, Filing No. 24**

On November 19, 2024, Petitioner filed a motion, Filing No. 24, seeking to withdraw his previously-filed handwritten Certificate of Innocence, Filing No. 20, and Declaration, Filing No. 18, and replace them with typed versions, Filing No. 25; Filing No. 26. Upon consideration, Petitioner's motion to withdraw is granted to the extent that the typed versions of Petitioner's Certificate of Innocence and Declaration are made part of the Court's records in this case. To the extent Petitioner seeks any other relief, either in the motion or in the Certificate of Innocence or Declaration, such relief is denied.

**E. Remaining Motions, Filing No. 19 and Filing No. 29**

Finally, in light of the Court's dismissal of Petitioner's habeas petition for lack of jurisdiction, Petitioner's Motion for Evidentiary Hearing, Filing No. 19, and Motion for Consideration, Filing No. 29, are denied as moot.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted.

2. The petition for writ of habeas corpus, Filing No. 1, and any supplements thereto, is dismissed without prejudice for lack of jurisdiction. No certificate of appealability has been or will be issued.

3. The Court will enter judgment by separate document.

4. Petitioner's "Injunction" motion, Filing No. 11, construed as a motion for a copy of the docket sheet, is granted. The Clerk of the Court is directed to send Petitioner a copy of the docket sheet along with this Memorandum and Order.

5.      Petitioner's Motion to Withdraw, Filing No. 24, is granted only to the extent that the typed versions of Petitioner's Certificate of Innocence, Filing No. 25, and Declaration, Filing No. 26, are made part of the Court's records in this case. To the extent Petitioner seeks any other relief, either in the motion or in the Certificate of Innocence or Declaration, such relief is denied.

6.      Petitioner's remaining motions, Filing No. 8; Filing No. 9; Filing No. 19; Filing No. 23; Filing No. 27; Filing No. 29, are denied as moot.

Dated this 10th day of December, 2024.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge