IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON A. KRUMBACK,<br><br>                    Petitioner,<br><br>       vs.<br><br>TERESA BITTINGER, Warden of South Dakota State Penitentiary; and MARTY JACKLEY, Attorney General of South Dakota;<br><br>                    Respondents. | 4:24CV3122<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner Jason A. Krumback's two motions seeking relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b) (the "Rule 60(b) Motions"). Filing No. 33; Filing No. 34. For the reasons that follow, Petitioner's Rule 60(b) Motions are denied.

Petitioner filed a Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 in this Court on July 8, 2024. Filing No. 1. Petitioner sought to have this Court consider his habeas claims on the merits due to the alleged failure of the United States District Court for the District of South Dakota (the "South Dakota District Court") to consider his claims in the federal habeas action he filed there. *See Krumback v. Fluke, et al.*, No. 4:23-cv-04155-KES (D.S.D.). Petitioner also filed a Motion for Stay asking the Court "to stay its hand in the anticipation of the outright answers from the 8th Circuit Court of Appeals (see Krumback v. Bittinger, 24-2254)" in his appeal from the South Dakota District Court's dismissal of his habeas petition without prejudice for failure to exhaust his state remedies. Filing No. 8 at 1. On December 10, 2024, the Court dismissed Petitioner's habeas petition without prejudice for lack of jurisdiction

because Petitioner was confined in South Dakota and challenged a South Dakota state conviction. Filing No. 31. The Court also denied Petitioner's Motion for Stay as moot because the Eighth Circuit had denied Petitioner's application for a certificate of appealability, denied all his pending motions, and dismissed his appeal on October 4, 2024, and issued the mandate on November 27, 2024. Id. at 2–4; see also Krumback v. Bittinger, No. 24-2254, 2024 WL 4719163 (8th Cir. Oct. 4, 2024).

On December 30, 2024, and January 10, 2025, Petitioner filed his Rule 60(b) Motions, arguing that the Court's dismissal of his petition and denial of the Motion for Stay were premature because he had appealed the Eighth Circuit Court of Appeals' decision to the United States Supreme Court. Filing No. 33; Filing No. 34. However, the Supreme Court denied Petitioner's petition for writ of certiorari on March 31, 2025, and denied his petition for rehearing on May 27, 2025. Krumback v. Pirraglia, 145 S. Ct. 1478, 221 L. Ed. 2d 589 (2025), reh'g denied, No. 24-6726, 2025 WL 1496551 (U.S. May 27, 2025).

Regardless of Petitioner's attempted appeal to the Supreme Court, the fact remains that this Court does not have jurisdiction to consider Petitioner's habeas petition for the reasons previously explained. See Filing No. 31 at 3–4. Again, "neither Petitioner's dissatisfaction with the South Dakota District Court's resolution of his previous habeas petition nor his claims of actual innocence provide any basis for this Court to exercise jurisdiction over his habeas claims." Id. Because Petitioner is not confined in the District of Nebraska, this Court lacks authority to hear his habeas claims and there is no basis to grant Petitioner relief from the Court's December 10, 2024, judgment of dismissal.

2

3

IT IS THEREFORE ORDERED that: Petitioner's Rule 60(b) Motions, Filing No. 33; Filing No. 34, are denied.

Dated this 7th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge